## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **RAMPWERKS, LLC** | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO.**  2:23-cv-236 |
| **v.** | § | |
| | § | |
| **ABSOLUTEBLACK,** | § | **JURY TRIAL REQUESTED** |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

absoluteBLACK makes and sells specialty chainrings for high-performance bicycles that infringe several patents owned by RampWerks.  RampWerks files this suit for infringement of U.S. Patent Nos. 10,677,338, 10,711,875, and 11,460,099 and seeks redress for the damage it has suffered as a result of the absoluteBLACK's infringement.

### PARTIES

1.     Plaintiff and patent owner RampWerks, LLC is a limited liability corporation formed under the laws of Texas with a principal place of business at 6900 North Dallas Freeway, 3rd floor, Plano, TX 75024.

2.     On information and belief, absoluteBLACK has a research lab located at Kranjska cesta 4, 4240 Radovljica, Slovenia, and a principal place of business in England, United Kingdom.

3.     On information and belief, absoluteBLACK is a foreign company

headquartered in London, England.

4.      absoluteBLACK conducts business in the United States and in this district, selling infringing products direct to consumer via the absoluteBLACK website (https://absoluteblack.cc) and through the absoluteBLACK storefront on amazon.com.

5.      absoluteBLACK also distributes infringing products through dealers such as Elite Bicycles located at 2251 Three Lakers Parkway, Suite 102, in Tyler 75703.



https://absoluteblack.cc/dealers.html

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq*.

7.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

8.      This Court has personal jurisdiction over the Defendant under the laws of the State of Texas, due at least to its substantial business in Texas and in this judicial

district, including: (a) at least part of its infringing activities alleged herein; and (b) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Defendant markets, sells, and delivers accused products in this District, directs and instructs customers and end users how to how to use the accused products in this District, and has committed acts of infringement in this District.

10.     Venue is proper as to absoluteBLACK in this judicial district under 28 U.S.C. § 1391(c)(3) because absoluteBLACK is a foreign corporation.

11.     absoluteBLACK sells, delivers, offers to sell, demonstrates, and provides instruction for using infringing products to residents of the district through absoluteBLACK's Website, absoluteBLACK authorized dealers and resellers, and through its storefront on amazon.com.

12.     RampWerks, LLC has suffered damages in this district due to absoluteBLACK's infringing conduct.

## ACCUSED PRODUCTS

13.     absoluteBLACK markets and sells various models of crankset chainrings that practice one or more claims of the asserted RampWerks patents including, without limitation, the OVAL Road 110/4 9000/6800, Premium OVAL Road 110/5 BCD Chainring, Premium OVAL Road 110/4 BCD 2X chainring, OVAL Sub-Compact Road 110/4, Premium ROAD 2X Chainrings for 110/BCD, R9100, and Ultegra.





https://absoluteblack.cc/shop/shop/road-chainrings

14.   absoluteBLACK sells, offers for sale, makes, imports, uses, and/or distributes bicycle chainrings that meet each and every limitation of the asserted claims of U.S. Patent Nos. 10,677,338, 10,711,875, and 11,460,099.




absoluteBLACK | Premium OVAL Road chainrings for SRAM 2X 110/5 bcd



15.     For example, claim 1 of the '338 Patent recites:

1. A bicycle chain ring, comprising
an inner edge fully circumscribing both an opening and an
   axis of rotation;
an inner surface extending between the inner edge and an
   outer edge where a plurality of chain ring teeth ema-
   nate; and
a plurality of ramps disposed about the inner surface,
   wherein at least one of the plurality of ramps has a
   lifting surface configured to concurrently engage at
   least one link of a bicycle chain at two or more distinct
   pivot points along the length of the chain link to initiate
   stable lift of the bicycle chain without assistance from
   any of the plurality of chain ring teeth;
wherein the lifting surface has a first end proximate the
   inner edge and a second end proximate the outer edge.

16.    absoluteBLACK bicycle chainrings comprise an inner edge fully

circumscribing an opening and an axis of rotation.



17.    absoluteBLACK bicycle chainrings comprise an inner surface extending between the inner edge and an outer edge where a plurality of chain ring teeth emanate.



18.    absoluteBLACK chainrings feature a plurality of ramps disposed about an inner surface of the bicycle chain ring as shown in the example below:



19.    absoluteBLACK refers to these structures as "ramps" in publications describing the chainrings.

20.    These ramps improve up-shifting during normal operation of a bicycle having absoluteBLACK chainrings.

21.    The close-up photograph below shows the structure of the absoluteBLACK ramp:



22.     These ramps on the absoluteBLACK chainrings are configured with a lifting surface to concurrently engage at least one link of a bicycle chain at two or more distinct pivot points along the length of the chain link to initiate stable lift of the bicycle chain without assistance from any of the plurality of chain ring teeth as recited in the asserted patent claims.












23.     The lifting surfaces of the absoluteBLACK chainring ramps have a first end

proximate the inner edge and a second end proximate the outer edge.



24.     absoluteBLACK directly infringes the '338, '875, and '099 Patents owned by RampWerks.

**COUNT 1 - INFRINGEMENT OF U.S. PATENT NO. 10,677,338**

25.     RampWerks incorporates the preceding paragraphs herein by reference.

26.     RampWerks, LLC is the owner, by assignment, of U.S. Patent No.10,677,338 titled "Bicycle Chain Rings."

27.     The '338 Patent is valid and enforceable and was duly issued by the United States Patent Office upon finding that it fully complied with Title 35 of the United States Code (https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10677338).

28.     absoluteBLACK has no consent or authorization to practice the '338 Patent.

29.     absoluteBLACK directly infringes one or more claims of the '338 Patent,

including at least claim 1 under 35 U.S.C. § 271(a) by making, using, offering for sale, importing, distributing, and/or selling the accused chainring products in the United States.

30.    At least as of the service of this Complaint, absoluteBLACK is on notice of the '338 Patent, the products that infringe the '338 Patent, and of how they infringe.

31.    RampWerks has been damaged as a result of Defendant's infringing conduct.  Defendant is thus liable to Plaintiff in an amount that adequately compensates it for Defendant's infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT 2 - INFRINGEMENT OF U.S. PATENT NO. 10,711,875

32.    RampWerks incorporates the preceding paragraphs herein by reference.

33.    RampWerks, LLC is the owner, by assignment, of U.S. Patent No. 10,711,875 titled "Bicycle Chain Rings."

34.    The '875 Patent is valid and enforceable and was duly issued by the United States Patent Office upon finding that it fully complied with Title 35 of the United States Code (https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10711875).

35.    absoluteBLACK has no consent or authorization to practice the '875 Patent.

36.    absoluteBLACK directly infringes one or more claims of the '875 Patent, including at least claim 8 under 35 U.S.C. § 271(a) by making, using, offering for sale, importing, distributing, and/or selling the accused chainring products in the United States.

37.    At least as of the service of this Complaint, absoluteBLACK is on notice of the '875 Patent, the products that infringe the '875 Patent, and of how they infringe.

38.     RampWerks has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff in an amount that adequately compensates it for Defendant's infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT 3 - INFRINGEMENT OF U.S. PATENT NO. 11,460,099

39.     RampWerks incorporates the preceding paragraphs herein by reference.

40.     RampWerks, LLC is the owner, by assignment, of U.S. Patent No. 11,460,099 titled "Bicycle Chain Rings."

41.     The '099 Patent is valid and enforceable and was duly issued by the United States Patent Office upon finding that it fully complied with Title 35 of the United States Code (https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/11460099).

42.     absoluteBLACK has no consent or authorization to practice the '099 Patent.

43.     absoluteBLACK directly infringes one or more claims of the '099 Patent, including at least claim 1 under 35 U.S.C. § 271(a) by making, using, offering for sale, importing, distributing, and/or selling the accused chainring products in the United States.

44.     At least as of the service of this Complaint, absoluteBLACK is on notice of the '099 Patent, the products that infringe the '099 Patent, and of how they infringe.

45.     RampWerks has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff in an amount that adequately compensates it for Defendant's infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C.

§ 284.

## SECTION 287 NOTICE

46.     RampWerks complied with 35 U.S.C. § 287 by marking its products.

## NOTICE OF REQUIREMENT OF LITIGATION HOLD

47.     Defendant is hereby notified they are legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendant knows, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

48.     As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral

computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored.  These sources may also include any personal electronic, digital, and storage devices of any and all of Defendant's agents, resellers, or employees if Defendant's electronically stored information resides there.

49.     Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's claims and/or defenses.  To avoid such a result, Defendant's preservation duties include, but are not limited to, the requirement that Defendant immediately notify their agents and employees to halt and/or supervise the auto-delete functions of Defendant's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## JURY DEMAND

RampWerks hereby demands a trial by jury on all claims, issues and damages so triable.

## PRAYER

RampWerks prays for the following relief:

     i.      That absoluteBLACK be summoned to appear and answer;

     ii.     That the Court enter an order declaring that absoluteBLACK has infringed the '338, '875, and '099 Patents;

     iii.    That this is an exceptional case under 35 U.S.C. § 285;

     iv.    That the Court grant Plaintiff judgment against absoluteBLACK for

all actual, consequential, special, punitive, exemplary, increased, and/or statutory damages pursuant to 35 U.S.C. § 284 including, if necessary, an accounting of all damages; pre- and post-judgment interest as allowed by law; and reasonable attorney's fees, costs, and expenses incurred in this action;

v.   That the Court enjoin absoluteBLACK from further acts of infringement; and

vi.   Such further relief to which RampWerks may show itself justly entitled.

Filed: May 26, 2023

Respectfully submitted,

By:   *Cabrach Connor*

Cabrach J. Connor
State Bar No. 24036390
Email: cab@clands.com
**CONNOR LEE AND SHUMAKER PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.646.2060 Telephone
888.387.1134 Facsimile
**ATTORNEYS FOR RAMPWERKS, LLC**